**IN THE COURT OF APPEALS OF IOWA**

No. 21-1153
Filed November 23, 2021

**IN THE INTEREST OF H.B.-H.,**
**Minor Child,**

**C.H., Father,**
     Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Rose Anne

Mefford, District Associate Judge.


A father appeals the termination of his parental rights.  **AFFIRMED.**


Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

Rebecca L. Petig, Grinnell, attorney and guardian ad litem for minor child.


Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**MAY, Judge.**

A father appeals the termination of his parental rights to his child, H.B.-H.[1] On appeal, the father (1) challenges the statutory grounds authorizing termination, (2) claims termination is not in H.B.-H.'s best interest, and (3) argues his bond with H.B.-H. should preclude termination.[2]  We affirm.

We review termination proceedings de novo.  *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020).  "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination.  Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence."  *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citation omitted).

We generally use a three-step analysis to review the termination of a parent's rights.  *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).  We consider: (1) whether grounds for termination have been established, (2) whether termination is in the children's best interests, and (3) whether we should exercise any of the permissive exceptions to termination.  *Id.* at 472–73.

The father challenges the statutory grounds authorizing termination.  The juvenile court found the statutory grounds under Iowa Code section 232.116(1)(f)

---

[1] The mother's rights were not terminated.

[2] The father claims he received ineffective assistance of counsel at the removal and dispositional hearings in the underlying child-in-need-of-assistance proceedings.  Because these issues are now moot, we do not address them.  *Cf. In re A.M.H.*, 516 N.W.2d 869, 871 (Iowa 1994) (finding deficiencies in removal proceedings to be moot upon entry of subsequent order).  The father also challenges whether the court could enter a permanency order pursuant to Iowa Code section 232.104 (2019).  However, this claim was also made moot by the court's entry of the termination order.  So we do not address it.

and (*l*) (2021) satisfied. When, as here, the juvenile court terminates under multiple statutory grounds, we may affirm on any ground satisfied. *In re J.D.*, No. 21-0391, 2021 WL 3379037, at *1 (Iowa Ct. App. Aug. 4, 2021). We choose to address paragraph (f), which authorizes termination when:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve months of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Iowa Code § 232.116(1)(f).

The father contends the third element cannot be met because H.B.-H. remained in his mother's custody throughout these proceedings and, therefore, no removal occurred. We disagree. An existing, district court custody decree provided the parents joint legal custody, placed physical care of H.B.-H. with the mother, and granted the father visitation time. Then the juvenile court issued an order formally removing H.B.-H. from the father. This order removed H.B.-H. from the father's legal custody and prevented him from exercising his visitation rights under the parents' custody decree—effectively removing H.B.-H. from his care. This satisfied the statutory removal requirement. *See In re K.H.*, No. 17-0384, 2017 WL 2189769, at *1 (Iowa Ct. App. May 17, 2017).

The father also claims section "232.102 is not applicable here," presumably in effort to attack the fourth element, which requires the State to establish "[t]here is clear and convincing evidence that at the present time the child cannot be

returned to the custody of the child's parents as provided in section 232.102." Iowa Code § 232.116(1)(f)(4). To the extent the father attempts to challenge the fourth element, he misses the mark. This element is satisfied when the State establishes the child cannot be safely returned to the parent at the time of the termination hearing. *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020). And the State satisfied this requirement. The father has unresolved substance-abuse and mental-health issues that prevent him from safely parenting H.B.-H. So the first step in our analysis is satisfied, and we move to the next.

The father claims termination is not in H.B.-H.'s best interest. *See* Iowa Code § 232.116(2). We "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41 (citation omitted).

We conclude termination is in H.B.-H.'s best interest. The father is not mentally stable; officers executing a search warrant at his house found a tinfoil hat that he said he used to block radio waves and frequencies. The father also accuses H.B.-H.'s stepfather of abusing H.B.-H despite no evidence of abuse. We agree with the juvenile court that the father "cannot become a safe parent until he is willing to acknowledge his shortcomings and address his methamphetamine abuse and paranoid delusional behavior." Yet, as the juvenile court noted, the

father "made no progress on these issues in over a year." And, like the juvenile court, we see no room for optimism that additional time would permit the father to make the needed progress. All things considered, the father cannot provide the stability and safety that H.B.-H. needs and deserves from a parent. So termination is in H.B.-H.'s best interest.

Finally, we consider whether to apply a section 232.116(3) exception to termination. Section 232.116(3) exceptions are permissive, not mandatory. *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). And the burden of establishing a section 232.116(3) exception rests with the parent. *See A.S.*, 906 N.W.2d at 476.

The father urges termination should not occur because of his close bond with H.B.-H. Section 232.116(3)(c) authorizes the court to forgo termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." While we acknowledge evidence of a bond, we do not conclude it is so strong as to make termination "detrimental to the child." *See* Iowa Code § 232.116(3)(c). Rather, we believe termination is necessary.

The father also claims there is "no urgency to terminate the father's rights" because H.B.-H. is in the mother's care. Section 232.116(3)(a) authorizes the court to forgo termination if "[a] relative has legal custody of the child." For reasons explained, we decline to exercise this permissive exception.

**AFFIRMED.**